GADZINSKI *v.* ROLA.

1. Exchange of Property—Fraud.

In a suit to set aside an exchange ·of property on the ground of fraud, testimony that plaintiff, a Polish woman unable to speak English, was shown a lot of much greater value than the one conveyed to her, and that defendants received from her property for which she had paid $4,900 and $100 in cash for an equity in a vacant lot worth not to exceed $1,200, *held*, sufficient to establish fraud.

2. Same—Bona Fide Purchaser.

A sale, within a month, by defendants, of the property received from plaintiff for an expressed consideration of $1, but the real consideration claimed to be $1,500 in cash and an unsecured note for the balance, *held*, not a *bona fide* transaction, and a decree granting plaintiff the relief prayed is entered, with provision for an accounting by both parties and adjustment of equities.

Appeal from Wayne; Browne (Clarence M.), J., presiding. Submitted January 9, 1929. (Docket No. 14, Calendar No. 34,073.) Decided March 28, 1929. Rehearing denied June 20, 1929.

Bill by Josephine Gadzinski against Julius Rola and others to set aside an exchange of real property on the ground of fraud. From a decree dismissing the bill, plaintiff appeals. Reversed, and decree entered for plaintiff.

*Leon Dreifuss,* for plaintiff.

*Anthony Nelson,* for defendants Rola.

Sharpe, J. On July 10, 1922, John Couwlier and his wife contracted to sell parcel 10 of National

Gardens, proposed subdivision of a part of the north half of the southwest quarter of section 36, in a township in Macomb county, to Mike Moskwa for the sum of $900, of which $90 was paid in cash and the balance to be paid in monthly payments of $10 each. On January 8, 1925, Moskwa assigned his interest in this contract to Anna Bosek. There was then due thereon $641.96. On the same day "for a valuable consideration" Anna Bosek assigned her interest therein to the defendants Julius Rola and his wife. On March 14, 1927, Rola and wife contracted to sell this parcel to Edward Stachurski for $8,700, of which $2,000 was acknowledged to be then paid and the balance in monthly payments of $50. The indorsements show these payments to have been made to September 16, 1927. On July 12, 1927, Rola and wife assigned their interests in both contracts to the plaintiff herein. The amounts stated to be due were $410.17 and $6,650.25, respectively. As a consideration therefor, plaintiff conveyed to Rola and his wife a lot, on which was a residence, in the city of Detroit, and paid them $100 in cash.

In her bill of complaint plaintiff asks to have these transfers set aside and the property conveyed restored to her. It is her claim that, when she was taken to see this parcel 10, a lot on the Schoenherr road (a paved street), located a distance of several blocks therefrom, was pointed out to her as such parcel; that, while the lot shown her was a valuable one, parcel 10 is of little comparative value, not being worth at that time to exceed $1,000, and that she was deceived and defrauded thereby.

No proof was offered even tending to show that parcel 10 had any greater value than $1,000 or $1,200, and we find ourselves confronted at the outset by the fact that Rola secured property from plaintiff for

which she had paid $4,900 and $100 in cash for an equity in this parcel, worth no more than $1,200.

Plaintiff, a Polish woman, 57 years of age and unable to speak the English language, testified that the defendant Borczak had theretofore made three real estate deals for her; that she told him she wanted to sell her house and lot in Detroit, occupied by her as a home, and that he told her he had "a contract of $6,650" that he could deal for it; that he took her to the defendant Josz, a real estate agent, and the three of them went to see the lot covered by the contract; that they pointed out the lot on the corner of Schoenherr road as such lot; that the evening after their return to the city they took her to the home of the defendants Mr. and Mrs. Rola; that Borczak and Josz said "it would be an even trade and Mr. and Mrs. Rola wanted $300 to boot;" that no deal was then made, but the next day Josz took her to the Rola home again, and an agreement was made that she should pay $100 as the difference in values; that all of them then went to a real estate agency conducted by a man named Pawlowski, where the necessary papers to conclude the deal were drawn and executed a few days later and the $100 paid by her; that the agents some time later took her to Stachurski, the contract purchaser, and he made a payment then due; that she later learned that the lot described in the contract was not that shown her; that she then consulted an attorney, who discovered that Rola and his wife had sold the house and lot and that "he couldn't do anything for me," and that soon thereafter this suit was begun. If her testimony is worthy of belief, a clearer case of fraud could not well be made out.

Stachurski, to whom Rola contracted to sell parcel 10, was not called as a witness. It was in the

same condition as when contracted to be sold by Couwlier for $900, and the testimony of disinterested real estate men clearly shows that at the time the contract was assigned to plaintiff it was not worth more than from $1,000 to $1,200. We cannot but regard the contract of sale from Rola to Stachurski as fraudulent and designed to show that Rola had an interest in the lot much greater than its actual value. We are also satisfied that plaintiff was not shown this lot by the real estate dealers, but one of much greater value on a paved street some distance from it. A careful review of the evidence satisfies us that the conveyance of her house and lot was secured by a deliberate plan to defraud her, in which Rola and the dealers participated.

A month after Rola received his deed from plaintiff he deeded the property to the defendant Jozefczak for an expressed consideration of one dollar. The real consideration was said to be $3,000, of which $1,500 was paid in cash and a note taken for the balance. Jozefczak testified that he had but $450 and borrowed the balance from friends to make up the $1,500. We are not impressed that this was a *bona fide* sale. A man familiar with business affairs, as was Rola, does not accept the note of a stranger, as Jozefczak was said to be, for $1,500, when he might easily secure its payment by a mortgage on the property.

Most of the witnesses were examined through interpreters. Their testimony is not very satisfactory. But the fact stands out uncontradicted that Rola secured from the plaintiff a house and lot for which she had paid $4,900 for assignments of the contracts to purchase parcel 10, which were not worth to exceed $1,200.

The decree entered is reversed, and one will be entered here granting the plaintiff the relief prayed for in her bill of complaint, with costs of both courts. She should, however, account for the payments received by her on the land contracts and have credit for the fair rental value of the property conveyed by her. This accounting can doubtless be agreed upon by counsel. If not, it will be had at the time of settlement of the decree in this court. The equities between the defendants may at the same time be adjusted, if desired.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.